J. Hardin Peterson, Jr. Attorney, Municipal Hospital Board Lakeland
QUESTION:
Is the Lakeland General Hospital a special district within the definition of s. 218.31, F. S., and is the municipal hospital board required to comply with the Special Districts Disclosure Act of 1979?
SUMMARY:
Until legislatively or judicially determined otherwise, neither the Lakeland General Hospital nor the Municipal Hospital Board of the City of Lakeland is created or established by law as a hospital district or a special district of any character or description; and, therefore, neither is a `special district' within the purview of s. 218.31(5), F. S. The Municipal Hospital Board of the City of Lakeland, therefore, is not subject to or required to comply with the provisions of the Special Districts Disclosure Act of 1979.
Your inquiry states that the City of Lakeland owns the Lakeland General Hospital and that the Municipal Hospital Board of the City of Lakeland was created by ch. 57-1506, Laws of Florida, to manage the hospital. Examination of the provisions of ch. 57-1506, which was an act `creating a Municipal Hospital Board of the City of Lakeland . . . and prescribing the powers and duties of said board,' (Emphasis supplied.) discloses that `a Municipal Hospital Board of the City of Lakeland' (Emphasis supplied.) was created with the duty `[t]o manage and operate the Morrell Memorial Hospital for the City of Lakeland . . . [and] [t]o assume the custody of all real and personal property of the hospital and provide for the preservation of the same.' (Emphasis supplied.) Section 6 of ch. 57-1506, however, provides that the employment of all personnel by the city `in the Morrell Memorial Hospital shall terminate upon the effective date of this Act, and thenceforth said personnel shall be employees of the Municipal Hospital Board of the City . . . .' Although the provisions of s. 6 were not explicitly set forth or treated therein, AGO 057-365 construed ch. 57-1506 in its relationship to paragraph (2), subsection (b) of s. 418, Title 42, U.S. Code, and s. 650.02(6), F. S. (which laws have not since been amended or repealed), in considering a question by the assistant director of OASI of the Florida Industrial Commission, the state agency for OASI coverage of public employees, whether the Municipal Hospital Board for the City of Lakeland was a political subdivision of the state or an agency or instrumentality of a political subdivision of the state forold-age, survivors, and disability insurance (OASI) purposes. While that opinion stated that this was a federal question for ultimate determination by the federal authorities and not a local or state question, it did opine that municipalities, as such, were political subdivisions of the state for the purpose of s. 418,Title 42, U.S. Code, but that the Municipal Hospital Board of the City of Lakeland was not itself such a political subdivision, but an agency or instrumentality of the city by and through which the city-owned Morrell Memorial Hospital was operated; and that the hospital board was not a juristic entity, as defined in s.650.02(6), legally separate and distinct from the City of Lakeland (see s. 650.02(6)) and its employees were, in law, employees of the City of Lakeland.
In an apparent undertaking to amend ch. 57-1506, supra, to conform its provisions to the requirements of the federal Social Security Act and to the definitional terms of s. 650.02(6), supra, as delineated in AGO 057-365, and to qualify the Municipal Hospital Board of the City of Lakeland for and to extend to its employees the benefits and protection of the Social Security Act, the 1959 Legislature enacted ch. 59-1483, Laws of Florida, amending ch. 57-1506 `and authorizing and creating additional powers and privileges to the Municipal Hospital Board of the City of Lakeland . . . and making said board a separate and distinct entity from the City of Lakeland . . . .' (Emphasis supplied.) In essential and material terms, ch. 59-1483 declares the municipal hospital board of the city to be a separate and distinct entity from the city and all of the employees of Morrell Memorial Hospital and Lakeland General Hospital, and any branches, divisions, or extensions thereof, to be employees of the hospital board and not employees of any agency or instrumentality of the City of Lakeland. The 1959 statute also deleted the phrase `for the City of Lakeland' from s. 2(1) of ch. 57-1506 and amended s. 5 thereof to require hospital funds to be deposited in the account of `Lakeland General Hospital' and the board's treasurer to give a fidelity bond payable to the hospital board rather than the city. Otherwise, the 1959 amendatory legislation effected no material change in the character or status of the hospital board or in its authority, duties, or powers. Under ch. 57-1506, as amended by ch. 59-1483, the hospital board is to manage and operate the Lakeland General Hospital and have the custody of, but not title to, the real and personal property of Lakeland General Hospital and any branches, divisions, or extensions thereof and provide for the proper preservation of the same, all of which properties are owned by the city and which duties are in legal effect identical to those prescribed in ch. 57-1506. By ch. 70-775, Laws of Florida, which is `[a]n act relating to the City of Lakeland . . . authorizing the City to issue ten million dollars . . . in hospital revenue bonds for capital improvements to Lakeland General Hospital . . .,' the city is empowered to `construct, acquire, improve and extend, maintain and operate hospital facilities' and to issue bonds to finance the cost of the construction, acquisition, or improvement of such hospital facilities, and the municipal hospital board of the city and the City of Lakeland were authorized to pledge all or any part of the revenues derived from such hospital facilities as security for the payment of such bonds. The city was also authorized to pledge its excise taxes or other city funds, other than ad valorem taxes, or a combination thereof as security for the payment of such bonds. In addition, the city and the hospital board are granted the power to contract with any private or public person or entity with respect to such hospital facilities and to accept or receive grants or loans from them.
While, for the purposes of the federal Social Security Act and s.650.02(6), supra, and other governing terms of ch. 650, F. S., ch. 59-1483, supra, may well have operated to make the Municipal Hospital Board of the City of Lakeland a `political subdivision' and `a juristic entity' within the meaning and purview and for the purposes of referenced federal and state laws, ch. 57-1506, supra, as amended by ch. 59-1483, does not purport to create or establish the Lakeland General Hospital or the municipal hospital board as a hospital district or special district of any character or description. Both chapters, in identical language, `create a Municipal Hospital Board of the City of Lakeland, to be composed of nine members . . . who shall be appointed by the City Commission of the City of Lakeland.' Both chapters impose on the hospital board the duty to manage, operate, and assume the custody of city-owned hospital facilities and properties. Neither statute purports to make any change in the city charter or other applicable special law with regard to the city's power to own, establish, operate, and maintain municipal hospitals and to provide for the indigent, sick, and afflicted inhabitants of the city. Indeed, s. 6 of ch. 70-775 expressly recognizes that the city has the power to construct, acquire, improve, extend, maintain, and operate hospital facilities and to acquire the same or property necessary therefor by the exercise of the right of eminent domain. In sum, there exists no law drawn to my attention which creates or establishes the Lakeland General Hospital or the Municipal Hospital Board of the City of Lakeland as a special district. Absent such legislative proclamation, the hospital board is, for the purposes of this opinion, simply an autonomous or semiautonomous agency of the city government of the City of Lakeland. Even so, the hospital board is subject in significant degree to the supervisory control of the governing body of the city: the members of the board are appointed by the city commission; upon failure by any member of the board to attend meetings, the city commission may declare and fill a vacancy in any office for such member's unexpired term of office; any member may be removed from office by the city commission for neglect of duty and for other designated grounds for removal; the hospital board must submit a copy of its annual audit to the city commission upon its completion; the city commission must approve the amounts, terms, and conditions of repayment of any indebtedness incurred by the board to finance or refinance the cost of extensions, additions, and improvements and the purchase of equipment for the hospital; the board must submit to the city commission a copy of its annual detailed budget for the operation of the hospital; the board must submit to the city commission a monthly financial statement showing the financial condition of the hospital for the preceding month, and should the board fail or refuse to do so, or should such financial statements show that the hospital's expenditures have exceeded the budget on the pro rata portion of the current year for 4 consecutive months, the city commission may declare any or all of the offices of the board members vacated and appoint new members for the unexpired terms of the incumbents so removed; or the city commission may, if it so elects, take over the complete management and operation of the hospital. Parenthetically, it should be noted that this opinion does not consider and no opinion is expressed as to the status of this hospital board or the Lakeland General Hospital under the Unicipal Home Rule Powers Act (ch. 166, F. S.) or of the several special acts hereinbefore cited and discussed.
Having found that the several special acts governing the Lakeland General Hospital and the Municipal Hospital Board of the City of Lakeland do not create or establish such hospital or such hospital board as a hospital district or special district of any character or description or denomination, I am compelled to conclude that the Lakeland General Hospital is not a special district within the definition of `special district' set forth in s. 218.31(5), F. S., and that the Municipal Hospital Board of the City of Lakeland is not subject to or required to comply with the Special Districts Disclosure Act of 1979, ch. 189, F. S.
For purposes of the Local Government Financial Management and Reporting Act, the financial report or statement of the operations and financial condition of the Municipal Hospital Board of the City of Lakeland (and Lakeland General Hospital) should be included within and reported as an integral or component part of the city's annual financial report. Cf. AGO 080-30, concluding that the Lake Worth Utilities Authority, operating as a separate unit of city government, was a part of unit of the government of the City of Lake Worth and not a `special district,' as that term is defined in s. 218.31(5), F. S.; and, therefore, the financial report or statement of the operations and financial condition of the utilities authority should be contained in and reported as an integral or component part of the city's annual financial report.
Prepared by: John W. Williams, Assistant Attorney General